

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| OSCAR SHAW,<br>    Plaintiff,<br><br>vs.<br><br>DOUGLAS A. CHURDAR, DAVID<br>T. RHENEY, and JUDGE GARRISON HILL,<br>    Defendants. | § § § § § § § § § | CIVIL ACTION NO. 6:09-2149-HFF-BHH |

## ORDER

Plaintiff filed this action seeking damages against Defendants for their actions connected to settlement of a state court lawsuit involving Plaintiff and non-party defendants. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the District Court dismiss the Complaint without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 18, 2009, and the Clerk of Court entered Plaintiff's objections to the Report on August 28, 2009, and his revised objections on August 31, 2009.

According to documents provided by Plaintiff, he and his son, represented by Defendant Churdar, filed suit in state court against Joshua Goolsby for damages arising from a 2001 automobile accident. The case went to trial, and the jury returned a verdict of $100,000 actual damages and $15,000 punitive damages against Mr. Goolsby. Following the trial, Mr. Goolsby's insurer, Nationwide Insurance, and Plaintiff's insurer, Driver's Choice, tendered to Plaintiff their policy limits totaling $30,000. Mr. Goolsby then sought to obtain a signed release from Plaintiff acknowledging that he had received the $30,000.

Mr. Goolsby filed a motion to compel Plaintiff to sign release documents, but Plaintiff refused to sign anything or accept payment of the $30,000. Upon realizing that Plaintiff would not sign anything, Judge D. Garrison Hill ordered that Plaintiff's $115,000 judgment against Mr. Goolsby be partially satisfied with the payment of the $30,000 by the insurance companies. The order noted that $85,000 remains due and owing to Plaintiff from Mr. Goolsby.

In the days and weeks following Judge Hill's order, Defendant Churdar explained to Plaintiff in numerous letters that he would be unlikely to collect the $85,000 from Mr. Goosby because he was insolvent. With the insurance proceeds deposited in his attorney trust account, Defendant Churdar used some of the money to pay Plaintiff's Medicare lien, and he encouraged Plaintiff to take the remaining funds. Apparently, Plaintiff has yet to accept any of the insurance money.

Plaintiff filed this lawsuit alleging that Defendant Churdar, Defendant Rheney (the attorney for Nationwide), and Judge Hill conspired together to force him to sign settlement papers in violation of his constitutional rights. The Magistrate Judge concluded that this action should be dismissed sua sponte under 28 U.S.C. § 1915(e).

In his revised objections, Mr. Shaw restates his general complaint that numerous of his constitutional rights have been violated through Defendants' actions. Additionally, Plaintiff disagrees with the Magistrate Judge's determination that Judge Hill is immune from suit because, he argues, Judge Hill was acting in his individual capacity. However, the Court disagrees. Plaintiff alleges that Judge Hill pressured him to sign release documents and that he conspired with the other Defendants to get him to sign the documents. Significantly, Plaintiff's own submissions to the Court establish that he never signed the release documents nor did Judge Hill order him to do so. Regardless, the allegations against Judge Hill arise entirely from his conduct as the judge who was assigned to address Mr. Goolsby's motion to compel. As Judge Hill was acting in his judicial capacity, he is immune from suit for money damages. *See generally Mirales v. Waco*, 502 U.S. 9 (1991) (discussing judicial immunity from suit and the exceptions to immunity for nonjudicial actions and actions taken in the complete absence of jurisdiction).

Plaintiff also asks the Court not to dismiss his constitutional claims against the other two Defendants, but he fails to respond to the Magistrate Judge's conclusion that Defendants Churdar and Rheney were not acting under color of state law. Thus, this request is without merit.

In his revised objections, Plaintiff lists a string of federal statutes that he insists were also violated in this case. As no responsive pleading has yet been filed, the Court will treat these new

allegations as amendments to Plaintiff's Complaint and will consider them now. *See* Fed. R. Civ. P. 15(a) (discussing amendments to pleadings before trial).

First, Plaintiff asks for equitable relief under the "clean hands doctrine." As explained by the South Carolina Supreme Court, this doctrine simply means that one seeking equitable relief must come to the court with "a clean record with respect to the transaction with the defendants." *Arnold v. City of Spartanburg*, 201 S.C. 523, 532, 23 S.E.2d 735, 738 (1943). There is nothing in the record suggesting that Plaintiff lacks "clean hands." Nonetheless, conclusory reliance on this doctrine fails to further Plaintiff's case.

Plaintiff also cites 28 U.S.C. § 1343 and 28 U.S.C. § 1331. Both of these sections are juirsdiction-conferring provisions, but, as jurisdiction is not an issue in this case, neither provision adds to Plaintiff's arguments.

Finally, Plaintiff also alleges that Defendants violated 42 U.S.C. § 1985 and 42 U.S.C. § 1986, which make actionable conspiracies to deprive a person of certain constitutional rights and privileges. However, Plaintiff fails to support his seemingly implausible legal conclusions with any facts. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") Thus, this claim is also subject to summary dismissal.

Plaintiff's remaining objections are without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein.

Therefore, it is the judgment of this Court that the Complaint is **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 1st day of September, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.